IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACQUELINE BRYANT | § | |
| | § | |
| | § | |
| *Plaintiff* | § | |
| vs. | § | CIVIL ACTION NO. 4:16-cv-03386 |
| | § | |
| REPUBLIC-VANGUARD INSURANCE | § | |
| COMPANY, UNITED PROPERTY & | § | |
| CASUALTY INSURANCE CO., | § | |
| KIM STEWART, AND JOHN TYREE | § | |
| | § | |
| | § | |
| *Defendants* | § | |

**PLAINTIFF'S AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff JACQUELINE BRYANT, files this Amended Complaint against REPUBLIC-VANGUARD INSURANCE COMPANY ("REPUBLIC" or the "INSURANCE DEFENDANT(S)"), UNITED PROPERTY & CASUALTY INSURANCE CO. ("UNITED" or the "INSURANCE DEFENDANT(S)"), KIM STEWART ("STEWART" or "ADJUSTER DEFENDANT(S)" or herein collectively as "DEFENDANTS"), and JOHN TYREE ("TYREE" or "ADJUSTER DEFENDANT(S)" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

**I.
DISCOVERY CONTROL PLAN LEVEL**

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control

1

plan tailored to the particular circumstances of this suit.

## II.
## PARTIES AND SERVICE

Plaintiff resides in Fort Bend County, Texas.

Defendant REPUBLIC is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent, 2394 East Camelback Road, Phoenix, AZ 85016, through Commissioner of Insurance, 333 Guadalupe Street, Tower One, Floor 13, Austin, Texas, 78701 or wherever else it may be found.

Defendant UNITED is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

2

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201 or wherever else it may be found.

Defendant, KIM STEWART, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 14107 Vinehill, Sugarland, Texas 77478, or wherever else she may be found.

Defendant, JOHN TYREE, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 8601 Anderson Mill Rd. Apt. 632, Austin, TX 78729-4717, or wherever else he may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Fort Bend County, Texas because all or part of the conduct giving rise to the causes of action were committed in Fort Bend County, Texas and the Plaintiff and property which is the subject of this suit are located in Fort Bend County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy and Standard Flood Insurance Policy (hereinafter referred to as "the Policies"), which were issued by INSURANCE DEFENDANTS REPUBLIC AND UNITED, respectively.

Plaintiff owns the insured property, which is specifically located at 2410 Morning Meadow Drive, Missouri City, Texas, 77489 (hereinafter referred to as "the Property").

INSURANCE DEFENDANTS sold the Policies insuring the Property to Plaintiff.

During the terms of said Policies, on or about October 31, 2015 under REPUBLIC Policy No. TVA0007078, Claim No. 6003149 and UNITED Policy No. 1096953105, and Claim No. 2015TX0207982, Plaintiff sustained two separate covered losses in the form of wind and/or hail and flood damage, and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policies. In addition, Plaintiff had covered losses to her contents. Plaintiff asked that INSURANCE DEFENDANTS cover the cost of repairs to the Property pursuant to the Policies. INSURANCE DEFENDANTS failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANTS wrongfully denied Plaintiff's claims for repairs to the Property, even though the Policies provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANTS failed to pay Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANTS continue to delay in the payment for the damages to the Property.

INSURANCE DEFENDANTS failed to perform their contractual duty to adequately compensate Plaintiff under the terms of their Policies. Specifically, INSURANCE DEFENDANTS refused to pay the full proceeds of the Policies after their agent adjusters, conducted outcome-oriented investigations, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policies have been carried out and accomplished by Plaintiff. INSURANCE

DEFENDANTS' conduct constitutes a breach of the insurance contract between them and Plaintiff.

Specifically, INSURANCE DEFENDANT REPUBLIC denied the wind and/or hail claim on or about January 20, 2016 stating there were no signs of wind or storm damage to the roof. In addition, INSURANCE DEFENDANT's denial stated "that the leakage could be due to ground/surface water leaking in." In a subsequent inspection requested by Plaintiff, INSURANCE DEFENDANT REPUBLIC again denied Plaintiff's wind and/or hail claim in a denial letter prepared on or about February 10, 2016 concurring with their initial inspection that they found no signs of wind or hail damages. In addition, the denial stated, "We also stand by our original denial for the interior damage to the floor of the home from flood/surface water."

Moreover, INSURANCE DEFENDANT UNITED denied Plaintiff's flood loss on or about February 4, 2016 stating that the damages were not caused flood as defined in its policy with Plaintiff. Therefore, in compliance with the policy, Plaintiff appealed the decision to the Federal Emergency Management Agency (hereinafter referred to as "FEMA") on or about February 18, 2016 within the 60-day time period required to file an appeal. FEMA responded on or about July 6, 2016 denying Plaintiff's appeal of the flood loss concurring with INSURANCE DEFENDANT UNITED's initial denial.

Pleading further, INSURANCE DEFENDANTS misrepresented to Plaintiff that the damage to the Property was not covered under the Policies, even though the damage was caused by covered occurrences. INSURANCE DEFENDANTS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANTS' failed to make an attempt to settle Plaintiff's claims in a fair manner, although they were aware of their liability to Plaintiff under the Policies. Their

conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANTS failed to explain to Plaintiff any valid reason for their coverage denial and offer of an inadequate settlement. Specifically, they failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANTS did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policies, nor did they provide any explanation for the failure to adequately settle Plaintiff's claims. INSURANCE DEFENDANTS conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANTS failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claims, beginning an investigation of Plaintiff's claims, and requesting all information reasonably necessary to investigate Plaintiff's claims within the statutorily mandated time of receiving notice of Plaintiff's claims. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANTS failed to accept or deny Plaintiff's full and entire claims within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANTS failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, they have delayed full payment of Plaintiff's claims and, to date, Plaintiff has not received full payment for the claims. Their

conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claims were presented to INSURANCE DEFENDANTS, their liability to pay the full claims in accordance with the terms of the Policies was reasonably clear. However, they have refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANTS' conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANTS knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANTS' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

**V.**

**CAUSES OF ACTION AGAINST INSURANCE DEFENDANTS**

A.   **BREACH OF CONTRACT**

INSURANCE DEFENDANTS' conduct constitutes a breach of the insurance contract between them and Plaintiff.  Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as they are obligated to do under the terms of the Policies in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

**B.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

    **1.     UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANTS' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANTS' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANTS' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though their liability under the Policies was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANTS' unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

    **2.     THE PROMPT PAYMENT OF CLAIMS**

INSURANCE DEFENDANTS' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANTS' failure to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANTS' failure to notify Plaintiff in writing of their acceptance or rejection of the claims within the applicable time constraints constitutes a non-prompt payment of the claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANTS' delay of the payment of Plaintiff's claims following their receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims. TEX. INS. CODE §542.058.

**C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

INSURANCE DEFENDANTS' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANTS' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although, at that time, they knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## CAUSES OF ACTION AGAINST ADJUSTER DEFENDANTS

**A.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, STEWART AND TYREE, the ADJUSTER DEFENDANTS, were engaged in the business of insurance as defined

by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANTS and their agents constitute one or more violations of the Texas Insurance Code. More specifically, the ADJUSTER DEFENDANTS have, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or Policies provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims under one portion of a Policies with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claims with respect to another portion of the Policies;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policies; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANTS with a basis to underpay the claims.

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT REPUBLIC assigned the wind and/or hail loss and the wind and/or hail claim to KIM STEWART who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT REPUBLIC.

ADJUSTER DEFENDANT STEWART inspected Plaintiff's property on or about January 14, 2016. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's wind and/or hail claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the losses. Specifically, STEWART, ignored covered damages including but not limited to the roof, fascia, trim, soffit, gutters, window, window screen, living room ceiling and wood flooring, family room wood flooring, master bedroom carpeting, hall offset wood flooring, loft ceiling and walls, hall bath ceiling and walls, and wood fence. In addition, ADJUSTER DEFENDANT ignored covered contents damages including but not limited to a CD cabinet, TV stand, speakers, curtains, area rugs, throw pillows, couch, night stand, refrigerator, floral arrangement, and shredder. Subsequent to the inspection, ADJUSTER DEFENDANT did not prepare a repair estimate, but instead prepared a denial letter, completed on or about January 20, 2016, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the wind and/or hail claim.

The INSURANCE DEFENDANT UNITED assigned the flood loss and the flood claim to JOHN TYREE who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT UNITED.

ADJUSTER DEFENDANT TYREE inspected Plaintiff's property on or about November 16, 2015. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's flood claim, including

11

determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the losses. Specifically, TYREE, ignored covered damages including but not limited to the roof, fascia, trim, soffit, gutters, window, window screen, living room ceiling and wood flooring, family room wood flooring, master bedroom carpeting, hall offset wood flooring, loft ceiling and walls, hall bath ceiling and walls, and wood fence. In addition, ADJUSTER DEFENDANT ignored covered contents damages including but not limited to a CD cabinet, TV stand, speakers, curtains, area rugs, throw pillows, couch, night stand, refrigerator, floral arrangement, and shredder. Subsequent to the inspection, ADJUSTER DEFENDANT did not prepare a repair estimate, but instead denial letter was prepared, completed on or about February 4, 2016, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the flood claim.

Despite having been assigned the claims, and despite being given authority and instructions to inspect, adjust and evaluate the claims, the ADJUSTER DEFENDANTS failed and refused to properly adjust the claims. The ADJUSTER DEFENDANTS failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claims, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claims, failed to timely and properly estimate the claims, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiff provided information regarding the losses and the claims to the ADJUSTER DEFENDANTS. The Plaintiff allowed the ADJUSTER DEFENDANTS full and complete access

to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANTS to adjust and evaluate the losses. The Plaintiff made inquiries regarding the status of the losses and payment, but the ADJUSTER DEFENDANTS failed and refused to respond to the inquiries and failed to properly adjust the claims and the losses. As a result of the ADJUSTER DEFENDANTS' inadequate and outcome-oriented investigations, to date, Plaintiff has not received full payment for the claims.

The ADJUSTER DEFENDANTS' actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANTS, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the losses occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claims in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claims, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the losses of the benefits that should have been paid pursuant to the Policies, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claims, as well as eighteen (18) percent interest per annum on the amount of such claims as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of losses resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claims, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**IX.**

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the Policies provides coverage for damage caused by losses made the basis of Plaintiff's claims, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the Policies is void as against public Policies;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public Policies;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public Policies and was procured by fraudulent inducement;

Any other construction is otherwise void as against public Policies, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the Policies, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the Policies coverage at issue;

In the alternative, to the extent that the wording of such Policies does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

**X.**
**REQUEST FOR DISCLOSURES**

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS provide the information required in a Request for Disclosure.

## XI.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT REPUBLIC

1) Produce the INSURANCE DEFENDANT's complete claims file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the losses for which INSURANCE DEFENDANTS opened a claims under the Policies. Please produce a privilege log for any portions withheld on a claims of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claims file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claims for damages which INSURANCE DEFENDANTS opened a claims under any Policies. Please produce a privilege log for any portions withheld on a claims of privilege.

## XII.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT UNITED

1) Produce the INSURANCE DEFENDANT's complete claims file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the losses for which INSURANCE DEFENDANTS opened a claims under the Policies. Please produce a privilege log for any portions withheld on a claims of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claims file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claims for damages which INSURANCE DEFENDANTS opened a claims under any Policies. Please produce a privilege log for any portions withheld on a claims of privilege.

## XIII.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT KIM STEWART

1) Produce ADJUSTER DEFENDANT's complete claims or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claims of privilege.

2) Produce all emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the ADJUSTER DEFENDANT, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claims or any other claims in the INSURANCE DEFENDANT'S possession. Please produce a privilege log for any items withheld on a claims of privilege.

## XIV.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT JOHN TYREE

1) Produce ADJUSTER DEFENDANT's complete claims or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claims of privilege.

2) Produce all emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the ADJUSTER DEFENDANT, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claims or any other claims in the INSURANCE DEFENDANT'S possession. Please produce a privilege log for any items withheld on a claims of privilege.

## XV.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

# XVI.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANTS, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:   (210) 490-7402
Facsimile:   (210) 490-8372


BY:   */s/Kevin S. Baker*
      Kevin S. Baker
      State Bar No. 00797799
      kevin@krwlawyers.com
      Michelle C. Le
      State Bar No. 24085427
      michellel@krwlawyers.com


ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**